UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COACTIV CAPITAL PARTNERS, INC.,

               Plaintiff,

     -against-                               1:09-CV-01206 (LEK/RFT)

HUDSON CONVERTING, INC., d/b/a
W.S. HUDSON CONVERTING, INC.,
d/b/a W.S. HUDSON CONVERTING
MACHINERY &  WILLIAM HUDSON,

               Defendants.

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Presently before the Court is Plaintiff Coactiv Capital Partners, Inc. ("Plaintiff")'s Motion

assessing damages against Defendant William Hudson ("Mr. Hudson") and Defendant Hudson

Converting, Inc., d/b/a W.S. Hudson Converting, Inc., d/b/a W.S. Hudson Converting Machinery

("Hudson Converting") (collectively, "Defendants").  Dkt. No. 21 ("Motion for damages").  On

October 26, 2010, the Court issued a Memorandum-Decision and Order granting summary

judgment for Plaintiff on claims of fraud, aiding and abetting fraud, unjust enrichment, violation of

the Racketeer Influence and Corrupt Organizations Act ("RICO"), and conversion, and ordered

Plaintiff to submit a motion for damages.  Dkt. No. 19 ("SJ Order").  For the reasons that follow,

Plaintiff's Motion is granted.

### II. BACKGROUND

This matter concerns a fraudulent scheme perpetrated by Hudson Converting and Mr.

Hudson, in which Defendants generated false invoices for equipment, for which they accepted

payment in the amount of $1,910,000.00 on April 8, 2008, but which they never in fact

manufactured or delivered to Plaintiff s lessee, non-party Wildwood Industries, Inc.  Compl. (Dkt.

No. 1), Exs. A-J; Mot. for Summ. J. (Dkt. No. 17), Exs. A-I.  Defendants had entered into a

conspiracy with Wildwood to accept Plaintiff's payment, retaining a portion for themselves, and

paying the remaining portion to Wildwood.  Compl. Ex. C at 11-14.

On July 30, 2010, Plaintiff filed a Motion for summary judgment with respect to each of its

claims against Defendants, who did not oppose the Motion.  Dkt. No. 17.  On October 26, 2010, the

Court granted Plaintiff s Motion for summary judgment.  SJ Order.  The Court ruled in Plaintiff's

favor and against Defendants on all of Plaintiff's claims.  Id. at 17.  In its Memorandum-Decision

and Order, the Court ordered Plaintiff to submit a motion for damages within twenty (20) days of

the entry of its Order, and Plaintiff did so on November 23, 2010.  Id.; Motion for Damages.

For a more detailed statement of the facts underlying this action, reference is made to the

Memorandum-Decision and Order granting Plaintiff's Motion for summary judgment.  Id. at 1-6.

III. DISCUSSION

Plaintiffs seek damages against the Defendants in the following amounts: (1) against Hudson

Converting, $1,910,000.00 in compensatory damages and $250,668.43 in interest (as of November

22, 2010), for a total of $2,360,668.43; (2) against William Hudson, $5,730,000.00 in treble

damages and $47,960.11 in attorneys' fees.  Motion for damages at 2.  Plaintiff argues that it

suffered actual pecuniary losses in the amount of $1,910,000.00, representing the amount paid by

Plaintiff to Defendants for the equipment.  Id.

Under New York law, the measure of damages for fraud is governed by the "out-of-pocket"

rule, which permits indemnity for the actual pecuniary loss sustained as a result of the wrong.

Clearview Concrete Products Corp. v. S. Charles Gherardi, 453 N.Y.S.2d 750, 755 (N.Y. App. Div. 1982).  In other words, the defrauded party is entitled to recovery of the sum necessary to restore it to the position occupied before the commission of the fraud.  Id.  Similarly, the standard for award of damages in an unjust enrichment claim is restitution, requiring the defendant to "return the money or property to the plaintiff," such that doing so will put the damaged party in a place as if the unjust enrichment had not occurred.  Dolmetta v. Uintah Nan Corp., 712 F.2d 15, 20 (2d Cir. 1983).  For conversion claims, compensatory damages are measured by the value of the chattel at the time of conversion.  American Fin. Servs. Group, Inc. v. Treasure Bay Gaming & Resorts, Inc., No. 99 Civ. 1068, 2000 U.S. Dist. LEXIS 8668, at *40 (S.D.N.Y. June 23, 2000).

Under each of these claims, the amount of compensatory damages to be awarded to Plaintiff and assessed against Defendant Hudson Converting is $1,910,000.00.  Because that is the amount Plaintiff paid as a result of the fraudulent scheme, it is also the amount of damages that will put Plaintiff in the same position as if the loss or unjust enrichment had never occurred.  The Court also finds that an award of pre-judgment interest, at the statutory rate of nine (9) percent, is also recoverable on the conversion claim from April 8, 2008 forward.  See id. at *44 (citing N.Y. C.P.L.R. § 5004 (McKinney 1992)).  See also Jones v. United States, 258 U.S. 40 (1922) (interest is allowable as a matter of right in a case of conversion).  Therefore, the Court finds that Plaintiff is entitled to interest against Defendant Hudson Converting in the amount of $583,008.19.

Moreover, having found for Plaintiff on these claims, the Court may award punitive damages to Plaintiff in an amount it deems appropriate.  See, e.g., American Fin. Servs. Group, 2000 U.S. Dist. LEXIS 8668, at *40-42.  Punitive damages are generally assessed in a conversion claim where the wrongdoer operated in wanton or willful obstruction of the legitimate

owner's rights.  Id.  As to a claim for fraud, punitive damages are recoverable where there has been

gross, wanton, or willful fraud, or other morally culpable conduct that was manifested by utterly

reckless behavior on the part of the wrongdoer.  Id.

In the present case, the Court finds that Defendants engaged in wanton, willful, reckless, and

morally reprehensible conduct.  As the Court found in its Memorandum-Decision and Order

granting summary judgment, and as Mr. Hudson openly acknowledged in his guilty plea,

Defendants purposefully deceived over eighty-five (85) lenders, including Plaintiff, to illegally

obtain approximately $213,000,000.  SJ Order; Mot. for Summ. J., Ex. C.  On these facts, the

imposition of punitive damages against Defendant Hudson Converting in the amount of

$1,910,000,000 is proper.

With respect to Mr. Hudson, the Court granted summary judgment against him on Plaintiff's

RICO Act claim.  The RICO Act authorizes civil remedies in the form of treble damages, as well as

attorneys' fees and costs.  See 18 U.S.C. § 1964(c) ("Any person injured in his business or property

by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United

States district court and shall recover threefold the damages he sustains and the cost of the suit,

including a reasonable attorney's fee . . . .").  See also Humana Inc. v. Forsyth, 525 U.S. 299, 303

(1999) (authorizing treble damages in a RICO case).  The treble-damages provision contained in

RICO is remedial in nature.  See Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S.

143 (1987) (RICO damages are designed to remedy economic injury by providing for the recovery

of treble damages, costs, and attorneys' fees).  Accordingly, the Court awards treble damages,

attorneys' fees, and costs against Mr. Hudson as well.  Motion for damages, Exs. 1, 2.  Plaintiff has

submitted sufficient documentation regarding the amount of its attorneys' fees and costs, and

therefore the Court awards Plaintiff attorneys' fees and costs in the amount of $47,960.11.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion for Attorney's Fees (Dkt. No. 21) is **GRANTED** in the following amounts: (1) against Defendant Hudson Converting, $1,910,000.00 in compensatory damages, $583,008.19 in interest, and $1,910,000.00 in punitive damages, for a total of $2,493,008.19; (2) $5,730,000.00 in treble damages and $47,960.11 in attorneys' fees against William Hudson, for a total of $ 5,777,960.11; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.


DATED:      August 31, 2011
            Albany, New York


_____
    Lawrence E. Kahn
    U.S. District Judge